**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **WISAM R. RIZK,** ) | **CASE NO. 1:22 CV 615** |
| ) | |
| Plaintiff, ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| v. ) | |
| ) | |
| **MERRICK GARLAND,** *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

Wizam R. Risk, a federal prisoner acting *pro se*, has filed a civil complaint in this action against United States Attorney General Merrick Garland, Bureau of Prisons (BOP) Director Michael Carvajal, and Deputy Director Gene Beasly. (Doc. No. 1.)

Rizk pleaded guilty in 2018 in a criminal case in this district to Conspiracy to Commit Wire Fraud and Honest Services Fraud, in violation of 18 U.S.C. § 1349; Wire Fraud and Honest Services Wire Fraud, in violation of 18 U.S.C. §§ 1343, 1346,and 2; and Making a False Statement, in violation of 18 U.S.C. § 1001(a)(2) and (3). *See United States v. Rizk*, 1: 17 CR 424 (N.D. Ohio) (Boyko, J.). As part of his plea agreement, Rizk admitted that he and his coconspirator, Gary Fingerhut, engaged in a scheme to defraud their employer, the Cleveland Clinic Foundation, and told lies to cover it up. As part of his plea agreement, Rizk also agreed that: (1) he is not a citizen of the United States; (2) he is a native of Lebanon and citizen of

Austria; and (3) upon completion of his criminal proceedings, including any sentence of incarceration, he shall be removed to Austria.

On October 30, 2019, Rizk was sentenced to 58 months in custody with the BOP, followed by one year of supervised release, and ordered to pay a $300 special assessment and $2,784,847 in restitution to the Cleveland Clinic. On the same date, the court issued an Order of Judicial Removal for Rizk, ordering that Rizk be removed from the United States to Austria, "which removal is to be effected upon completion of his term of incarceration." (*Id*. at Doc. No. 61, Order of Judicial Removal). The court allowed Rizk to self-report to the custody of the BOP and granted his motion to delay his report date to March 12, 2020.

On May 5, 2020, less than two months after he had reported to prison, Rizk filed a motion seeking his release from prison to Austrian Government Officials. The court denied this motion on June 12, 2020.

A few months later, on July 30, 2020, Rizk filed a motion seeking compassionate release and/or a reduction in his sentence. (*Id.* at Doc. No. 74). The court denied this motion as well, after considering "the applicable factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission to the extent they are relevant," and "after complete review of the motion on the merits." (*Id*. at Doc. No. 79). Rizk filed a timely notice of appeal, and after briefing by both parties, the Sixth Circuit affirmed in March 2021. (*Id*. at Doc. No. 82, True Copy of Mandate.)

On September 16, 2021, Rizk filed a (still-pending) motion seeking relief under 28 U.S.C. § 2255, (*id*. at Doc. No. 83), which the government has opposed as untimely.

Rizk next filed this civil action in this Court on April 18, 2022. The crux of his

-2-

complaint is that the BOP is unconstitutionally denying him sentence credit afforded by the First Step Act on the basis of an allegedly unconstitutional provision in the Act, and he seeks declaratory and injunctive relief granting him the sentence credits. (Doc. No. 1 at 6.)

Rizk has also filed a Motion for Leave to Amend his complaint (Doc. No. 5), and a Motion for "Preliminary Injunction in Favor of Granting First Step Act Credits." (Doc. No. 6.)

Upon review, the Court finds that Rizk's action must be dismissed in accordance with the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), which provides that "[a] district court may,*sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Sua sponte* dismissal of a even fee-paid complaint without affording the plaintiff an opportunity to amend is warranted under *Apple v. Glenn* where the plaintiff's claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id*. at 480.

Rizk's complaint lacks legal plausibility necessary to invoke federal subject matter jurisdiction. "[T]he power to grant credit for time served lies solely with the Attorney General and the Bureau of Prisons." *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001). To the extent a prisoner seeks to attack the manner in which his sentence is calculated by the BOP, he must do so through a 28 U.S.C. § 2241(a) habeas corpus petition. *See Woody v. Marberry*, 178 F. App'x 468, 471 (6th Cir. 2006) (noting that portion of § 2255 motion challenging Bureau of Prisons' calculation of time-served credit could only be properly raised under § 2241 in the district of incarceration, not by way of § 2255); *see also Alvey v. United States*, 899 F.2d 1221,

1990 WL 40080, at *1 (6th Cir.1990) (table decision) ("[A] federal prisoner who wishes to raise a sentencing credit issue may do so only by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241.")

Accordingly, Rizk cannot attack the manner in which his sentence is being calculated in a civil action as he seeks to do here. Further, because he is not incarcerated in this district, he also cannot challenge the execution or calculation of his sentence in § 2241 habeas corpus petition here.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to the Court's authority established in *Apple v. Glenn*, 183 F.3d 477, and Rizk's pending motions are both denied. The Court further certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____ 7/13/2022
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE